IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STANTON SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4389-CV-C-NKL |
| | ) | |
| TRINIA HAYES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri mental health institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. The sole defendant is Trinia Hayes, a social worker at the mental health institution. In a long, rambling, and very confusing "complaint for negligence," plaintiff appears to allege that defendant has prevented his enrollment or attendance at a paralegal studies class and somehow had an undue influence on his medical care as prescribed by the physicians. His complaint talks about his criminal cases, embezzlement, forced medication and side effects, injuries he previously received, his need for nontherapeutic employment, the regulation of commerce, funds he wants to receive, his state law cases, and a variety of unrelated matters.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under § 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. *In re Williamson*, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous", as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under § 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff's claims against defendant Trinia Hayes should be dismissed for failure to state a claim for which relief can be granted, in that plaintiff appears to base his claims on what he calls "negligence." It is well settled that negligence is not actionable under 42 U.S.C. § 1983. Negligent injury does not constitute a Fourteenth Amendment violation. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Furthermore, on September 22, 2003, a general order was entered by this Court, *In Re Stanton Q. Shelton* (W.D. Mo. Sept. 22, 2003) (Attachment 1), forbidding plaintiff from filing any further lawsuits in this court unless it is determined that plaintiff's allegations involve some misconduct on the part of his guardian or that plaintiff is in some real danger of harm which is not adequately being addressed by his guardian and the state. *See Kolocotronis v. Reddy*, 247 F.3d 726, 727-28 (8th Cir. 2001) (mental patient who is a frequent filer of complaints that are often dismissed may be forbidden from filing further lawsuits without leave of the District Court).

Plaintiff's claims in this case do not allege misconduct on the part of his guardian or suggest that he is in some danger of harm that is not or cannot be adequately addressed by his guardian and the state. Therefore, plaintiff may not bring his claim without the consent of his guardian. *In Re Stanton Q. Shelton* (W.D. Mo. Sept. 22, 2003).

IT IS, THEREFORE, RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to 28 U.S.C. § 1915, and the general order in *In Re Stanton Q. Shelton* (W.D. Mo. Sept. 22, 2003).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 22nd day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3